## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| HUNT SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| The UNITED STATES SMALL | ) | |
| BUSINESS ADMINISTRATION AND | ) | **PETITION FOR JUDICIAL** |
| ISABELLA CASILLAS GUZMAN, *in her* | ) | **REVIEW AND COMPLAINT FOR** |
| *Official Capacity as Administrator of the* | ) | **DECLARATORY AND OTHER** |
| *U.S. Small Business Administration,* | ) | **RELIEF** |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |
| | ) | |

### PETITION FOR JUDICIAL REVIEW AND COMPLAINT

Plaintiff Hunt Services, Inc. ("Hunt Services" or "Plaintiff"), through counsel, hereby files this petition for judicial review and causes of action against DEFENDANTS UNITED STATES SMALL BUSINESS ADMINISTRATION ("SBA"), and ISABELLA CASILLAS GUZMAN, *in her Official Capacity as Administrator of the United States Small Business Administration*, and alleges the following:

### INTRODUCTION

1.      Hunt Services, Inc., a small hospitality business based in Jackson, Tennessee, respectfully submits this *Petition for Judicial Review and Complaint for Declaratory and Other Relief* ("Complaint"), challenging the U.S. Small Business Administration's ("SBA") improper denial of Hunt Services' applications for forgiveness of two Paycheck Protection Program ("PPP") loans.

2.      Hunt Services' Paycheck Protection Program ("PPP") First Draw loan number 7203287108 ("First Draw Loan") and Second Draw loan number 7471828401 ("Second Draw

Loan") were obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

3.    For each PPP loan, Hunt Services met all PPP employee retention criteria, and the PPP funds were used for eligible expenses.

4.    The SBA denied Hunt Services' applications for forgiveness of the First Draw Loan in the amount of $892,690.00 and Second Draw Loan in the amount of $1,239,557.16.

5.    Hunt Services unsuccessfully appealed both of the SBA's Final Loan Review Decisions with respect to the First Draw Loan and Second Draw Loan to the SBA's Office of Hearings and Appeals ("OHA"), thereby exhausting its administrative remedies.

6.    Hunt Services seeks judicial review and reversal of the SBA's Final Loan Review Decision dated January 26, 2022, denying Hunt Services' application for forgiveness of the First Draw Loan.

7.    Hunt Services also seeks judicial review and reversal of the SBA's Final Loan Review Decision dated October 31, 2022, denying Hunt Services' application for forgiveness of the Second Draw Loan.

8.    Hunt Services further seeks judicial review and reversal of the Decisions of Administrative Law Judges ("ALJ") Gary D. Smith and Gerald J. Hill of the SBA's OHA issued on June 7, 2023 and October 19, 2023, affirming and denying reconsideration of the foregoing Final Loan Review Decisions. The Final Loan Review Decisions are attached hereto as **Exhibit A** and **Exhibit B**.

9.    Judicial review of the erroneous, arbitrary, and capricious decisions by Defendants SBA and its Administrator to deny forgiveness to Hunt Services of its PPP loans requires reversal

of the SBA's Final Loan Review Decisions and/or the Decisions issued by the OHA, and granting

Hunt Services complete forgiveness of its PPP loans.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this dispute under 5 U.S.C. § 702; 15 U.S.C. § 634(b)(1); and 28 U.S.C. §§ 1331, 2201.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) ad 5 U.S.C. § 703 because Plaintiff is domiciled in this judicial district.

12.    This Court has authority to issue declaratory relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

13.    This Court has jurisdiction to award reasonable costs and attorneys' fees under, *e.g.*, 5 U.S.C. § 504 and/or 28 U.S.C. § 2412.

14.    More than thirty (30) days have passed since the SBA's review and denial of Hunt Services' appeals and motions seeking reconsideration of the SBA's Final Loan Review Decisions through the SBA's Office of Hearings and Appeal. Thus, the SBA's decisions are now final. *See* 13 C.F.R. § 134.1211(c)(3).

15.    Hunt Services is therefore entitled to judicial review of the SBA's final decisions. *See* 13 C.F.R. §§ 134.1201(d), 134.1211(g).

## PARTIES

16.    Plaintiff, Hunt Services, Inc., is a Tennessee corporation engaged in a variety of business pursuits, including: (1) mid-scale hotel development and (2) large scale document imaging.

17. David Hunt is a disabled United States Army veteran who founded Hunt Services in 1999. David Hunt served as the principal owner of Hunt Services until August 2020, when his wife, Melissa Hunt, became the majority owner.

18. Hunt Services' principal place of business is located at 1031 Greystone Square, Jackson, TN 38305. Through Hunt Services, David Hunt has developed and/or renovated numerous restaurants, retail centers, and schools, including Lane College, a Historically Black College in Jackson, Tennessee.

19. Defendant SBA is an independent federal agency created and authorized under 15 U.S.C. § 633 *et seq*. The SBA was tasked with administering the PPP under the CARES Act.

20. Defendant Isabella Casillas Guzman is the Administrator of the SBA ("Administrator") and is sued in her official capacity only, as Administrator of the SBA. Authority to sue the Administrator is granted by 15 U.S.C. § 634(b).

## **BACKGROUND**

21. In early 2020, Congress responded to the COVID-19 pandemic ("Pandemic") by enacting the "CARES Act."

22. Sections 11-2 and 1106 of the CARES Act established the PPP, which program was to be administered by the SBA.

23. The intent of the CARES Act was to assist eligible businesses impacted by the Pandemic. *See* 86 Fed. Reg. 51589-90 (explaining the CARES Act was designed "to provide relief to America's small businesses expeditiously," when "many small businesses nationwide have experienced and continue to experience economic hardship").

24.　　In March 2020, Hunt Services applied for the First Draw Loan. In connection with its First Draw Loan application, Hunt Services answered "no" to question number 5 on its application (SBA Form 2483, 04/20):

| Question | Yes | No |
|---|---|---|
| 5. Is the Applicant (if an individual) or any individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction, or presently incarcerated, or on probation or parole? <br> Initial here to confirm your response to question 5 → | ☐ | ☐ |

25.　　The SBA approved Hunt Services' First Draw Loan Application. Hunt Services received its First Draw PPP Loan disbursement in the amount of $892,690 on or about April 14, 2020.

26.　　In January 2021, Hunt Services submitted a Loan Forgiveness Application for the First Draw Loan in the amount of $892,690.

27.　　Hunt Services applied for a Second Draw PPP Loan on January 19, 2021. That application was approved, and Hunt Services received a Second Draw loan in the amount of $1,239,557.16 on or about February 17, 2021.

28.　　On November 24, 2021, Hunt Services submitted a Loan Forgiveness Application for the Second Draw PPP loan in the amount of $1,239,557.16.

29.　　On January 26, 2022, Hunt Services was notified that the SBA had denied Hunt Services' First Draw Loan Forgiveness Application on the grounds that Hunt Services was not eligible for the First Draw Loan. The basis for the SBA's forgiveness denial was that Hunt Services' then-majority owner, David Hunt, was under indictment at the time of the First Draw PPP Loan Application ("Indictment").

30.     The entire criminal case, filed in Jackson, Mississippi, approximately 300 miles away from Hunt Services' principal place of business, was under seal when Hunt Services submitted its First Draw Loan Application.

31.     Neither Hunt Services nor David Hunt was aware of the Indictment or any related, pending law enforcement investigation when Hunt Services submitted its First Draw Loan Application.

32.     David Hunt did not learn about the Indictment or the underlying investigation until his arrest on August 25, 2020. He maintained his innocence, and the United States of America eventually agreed to dismiss the Indictment against him in full on July 26, 2022. *See* Agreed Order of Dismissal attached hereto as **Exhibit C**.

33.     On January 31, 2022, approximately seven months before the Indictment's dismissal, Hunt Services submitted an appeal to the SBA's OHA, seeking review and reversal of the SBA's denial of Hunt Services' Loan Forgiveness Application for the First Draw Loan. Upon information and belief, the SBA received Hunt Services' appeal of the First Draw Loan.

34.     On October 31, 2022, the SBA denied Hunt Services' Loan Forgiveness Application for the Second Draw Loan.

35.     Hunt Services timely appealed the SBA's Final Loan Review Decision denying forgiveness of the Second Draw Loan.

36.     The OHA denied Hunt Services' appeal and request for reconsideration of the SBA's Final Loan Review Decision denying forgiveness of Hunt Services' Second Draw Loan.

37.     All OHA denials of Hunt Services' appeals and requests for reconsideration have become final decisions of the SBA.

## CLAIMS FOR RELIEF

38.     The Administrative Procedure Act ("APA") provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

39.     The APA provides that "final agency action for which there is no other adequate remedy in court" is "subject to judicial review." 5 U.S.C. § 704.

40.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E).

## FIRST CAUSE OF ACTION: JUDICIAL REVIEW OF AGENCY ACTION

41.     Hunt Services incorporates the allegations of the preceding paragraphs of this Complaint by reference, as though fully set forth herein.

42.     This Court is authorized and empowered to review the SBA's Final Loan Review Decisions denying Hunt Services' applications for forgiveness of its First Draw Loan and Second Draw Loan, for errors.

43.     This Court is also authorized and empowered to review the SBA OHA's Decisions denying Hunt Services' appeals and requests for reconsideration of the SBA's Final Loan Review Decisions with respect to Hunt Services' PPP loans.

44.     The SBA denied forgiveness of Hunt Services' First Draw Loan on the grounds that David Hunt's majority ownership interest in the company and his then-confidential, sealed Indictment – of which neither he nor Hunt Services had any knowledge when Hunt Services submitted its First Draw Loan Application – rendered Hunt Services ineligible for the First Draw Loan.

45. When Hunt Services applied for the First Draw Loan, it reasonably believed that it was not only fully eligible for the loan but also that the loan would be forgiven if Hunt Services met all PPP employee retention criteria, and the PPP funds were used for eligible expenses. 15 U.S.C. § 636m(b).

46. Hunt Services reasonably relied on the SBA's promise of loan forgiveness when it applied for the First Draw Loan and would not have applied for, or accepted, that loan if it had any reason to believe it was not eligible for the loan or forgiveness of that loan.

47. The SBA also improperly denied forgiveness of Hunt Services' Second Draw Loan on the grounds that Hunt Services was ineligible for the First Draw Loan.

48. When Hunt Services applied for the Second Draw Loan, it reasonably believed that it was not only fully eligible for the loan but also that the loan would be forgiven if Hunt Services met all PPP employee retention criteria, and the PPP funds were used for eligible expenses.

49. Hunt Services reasonably relied on the SBA's promise of loan forgiveness when it applied for the Second Draw Loan and would not have applied for, or accepted, that loan if it had any reason to believe it was not eligible for the loan or forgiveness of that loan.

50. The SBA's Final Loan Review Decisions and OHA Decisions were erroneous and should be reversed and set aside as arbitrary and capricious or, alternatively, as an abuse of discretion. *See* 5 U.S.C. § 706(2)(A).

### SECOND CAUSE OF ACTION: VIOLATION OF APA, 5 U.S.C. § 706(2)(A)

51. Hunt Services incorporates the allegations of the preceding paragraphs of this Complaint by reference, as though fully set forth herein.

52. The APA provides that a reviewing court must "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

53.    As described above, Hunt Services was eligible for the First Draw Loan and Second Draw Loan based on the SBA's eligibility requirements and information available to Hunt Services when it applied for each PPP loan.

54.    Hunt Services used the PPP funds in accordance with the requirements of the CARES Act.

55.    Hunt Services was eligible for forgiveness of the First Draw Loan and Second Draw Loan.

56.    In denying forgiveness of the First Draw Loan and the Second Draw Loan, the SBA acted arbitrarily, capriciously, and abused its discretion.

57.    Under 5 U.S.C. § 706(2)(A), this Court should hold SBA's decisions were unlawful and set aside the final decisions of the SBA that denied forgiveness of the Hunt Services' two PPP loans.

**THIRD CAUSE OF ACTION: ACTION UNLAWFULLY WITHHELD**

58.    Hunt Services incorporates the allegations of the preceding paragraphs of this Complaint by reference, as though fully set forth herein.

59.    The APA provides that a reviewing court must "compel agency action unlawfully withheld." 5 U.S.C. § 706(2)(A).

60.    In denying forgiveness of Hunt Services' First Draw Loan and the Second Draw Loan, the SBA unlawfully withheld agency action required by law.

61.    Under 5 U.S.C. § 706(2)(A), this Court should compel the SBA to grant forgiveness of Hunt Services' PPP loans.

## FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT

62.     Hunt Services incorporates the allegations of the preceding paragraphs of this Complaint by reference, as though fully set forth herein.

63.     There is an actual and existing controversy between the parties as to the correctness of the SBA's decisions to deny Hunt Services' PPP Loan Forgiveness Applications.

64.     The SBA's Final Decisions and Initial Decisions to deny PPP loan forgiveness to Hunt Services were erroneous, arbitrary and capricious, an abuse of discretion, not otherwise in accordance with law, and/or unsupported by substantial evidence.

## FIFTH CAUSE OF ACTION: SUBSTANTIVE DUE PROCESS VIOLATION

65.     Hunt Services incorporates the allegations of the preceding paragraphs of this Complaint by reference, as though fully set forth herein.

66.     Pursuant to the Fifth Amendment to the United States Constitution, "[n]o person shall … be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

67.     Fundamental due process requirements apply to administrative proceedings.

68.     Hunt Services holds a constitutionally protected property interest in obtaining forgiveness of the $2,132,247.16 indebtedness it incurred via the PPP. The PPP mandates forgiveness of PPP loans if a borrower spends the PPP funds in the manner specified by the PPP rules. Under the relevant legislation and applicable rules, eligible borrowers *shall* be eligible for forgiveness upon meeting those spending requirements. *See* Pub. L. 116–136 Section 1106(b); *See also* Paycheck Protection Program Loan Forgiveness Requirements, 86 Fed. Reg. 8286 (Feb. 5, 2021).

69.     Hunt Services had a justifiable expectation that it would receive forgiveness of both the First Draw Loan and the Second Draw Loan when it applied for each loan.

70.     Hunt Services' property interest in PPP loan forgiveness was deprived through arbitrary and capricious action by Defendants.

71.     The SBA's denial of Hunt Services' application for forgiveness of its First Draw Loan, and its subsequent denial of forgiveness of the Second Draw Loan based solely on the erroneous First Draw Loan forgiveness denial were actions wholly lacking in rational basis, willful and unreasoning, without consideration, and in total disregard of the unique facts or circumstances of this case.

72.     The Defendants, as described herein, acted in blatant disregard of the unique facts and circumstances of this case.

73.     Because the Indictment was sealed when Hunt Services submitted its First Draw Loan application, Hunt Services had no knowledge of, and was legally prohibited from knowing about, the Indictment and the underlying criminal case at the time it submitted its First Draw Loan application.

74.     Hunt Services could only certify facts of which it had knowledge in its First Draw Loan application. Its responses and certifications on that First Draw Loan application were made in good faith.

75.     The Defendants, nevertheless, held Hunt Services to an impossible and facially unreasonable standard: they required Hunt Services to know the unknowable when it applied for the PPP loans at issue.

76.     Defendants have violated the Due Process Clause of the Fifth Amendment, and the rights of Hunt Services guaranteed thereunder, by failing to provide Hunt Services with the full protections that due process requires.

77.     As a proximate result of Defendants' actions, Hunt Services was damaged and continues to be damaged.

78.     Hunt Services is entitled to injunctive and/or declaratory relief prohibiting Defendants from violating its constitutional rights.

**SIXTH CAUSE OF ACTION: PROCEDURAL DUE PROCESS VIOLATION**

79.     Hunt Services incorporates the allegations of the preceding paragraphs of this Complaint by reference, as though fully set forth herein.

80.     Pursuant to the Fifth Amendment to the United States Constitution, "[n]o person shall … be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

81.     Due process requires that the government provide a fair procedure when depriving someone of life, liberty, or property.

82.     Plaintiff holds a constitutionally protected property interest in obtaining forgiveness of the $2,132,247.16 indebtedness it incurred via the PPP.

83.     The hallmark of due process is that a deprivation of a property interest must be preceded by meaningful notice and opportunity to be heard.

84.     Hunt Services was deprived of its protected interest without adequate process.

85.     Hunt Services was not afforded an opportunity to be heard at a meaningful time and in a meaningful manner based on the particular circumstances of this case.

86.     There is no adequate remedy at law to challenge this deprivation. Hunt Services has already exhausted the administrative appeals process, in which the SBA OHA upheld the SBA's Final Loan Review Decisions and never substantively considered the unique facts surrounding Hunt Services' PPP loan applications and never gave Hunt Services a meaningful opportunity to be heard on the underlying issues.

87.     As a proximate result of Defendants' actions, Hunt Services was damaged and continues to be damaged.

88.     Hunt Services is entitled to injunctive and/or declaratory relief prohibiting Defendants from violating its constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hunt Services, Inc. respectfully prays for relief including the following:

a.  the entry of judgment in favor of Hunt Services, Inc.; and

b.  An order requiring the SBA to retain appropriations in an amount sufficient to fund Hunt Services' loan forgiveness under the PPP Loan Program, but no less than $2,132,247.16; and

c.  An order directing the SBA to reverse its denial of Hunt Services' PPP loan forgiveness applications or otherwise reconsider Hunt Services' loan forgiveness applications consistent with applicable law and the evidence before the SBA; and

d.  An order directing the SBA to provide Hunt Services with any other additional awards consistent with applicable law and the evidence before the SBA; and

e.  An order awarding Hunt Services' costs and reasonable attorneys' fees; and

13

f. An order awarding Hunt Services any other and further relief as is deemed appropriate by this Court.

Respectfully submitted,

/s/ Joy Boyd Longnecker
Joy Boyd Longnecker (TN BPR No. 29627)
**BARNES & THORNBURG LLP**
827 19th Ave. S., Suite 930
Nashville, TN 37203
Telephone: 615-621-6012
Joy.Longnecker@btlaw.com

*Attorney for Plaintiff*

14