**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| HUNT SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02779-SHM-atc |
| | ) | |
| THE UNITED STATES SMALL BUSINESS | ) | |
| ADMINISTRATION AND ISABELLA | ) | |
| CASILLAS GUZMAN, *in her Official Capacity* | ) | |
| *as Administrator of the U.S. Small Business* | ) | |
| *Administration*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendants United States Small Business Administration ("SBA") and Isabella Casillas Guzman, in her official capacity (collectively "Defendants"), amend their answer and respond to Plaintiff Hunt Services, Inc.'s Petition for Judicial Review and Complaint as follows:

Defendants admit that Plaintiff filed a petition for review and causes of action against Defendants. Defendants deny the allegations in this first unnumbered paragraph, deny Plaintiff's jury demand in the caption of the Complaint, and deny that Plaintiff is entitled to any relief.

**INTRODUCTION**

1.      Defendants admit that Plaintiff filed a petition for review and causes of action against Defendants. Defendants admit that SBA denied Plaintiff forgiveness of two of its Paycheck Protection Program ("PPP") loans. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

1

2.       Defendants admit Plaintiff's First Draw PPP loan number is 7203287108 ("the FDL") and that its Second Draw PPP loan number is 7471828401 ("the SDL"). Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.       Defendants lack knowledge or information sufficient to form a belief as to how Plaintiff used the PPP loan funds and whether Plaintiff met all PPP employee retention criteria. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.       Defendants admit the allegations in Paragraph 4 of the Complaint.

5.       Defendants admit that Plaintiff appealed the PPP loan forgiveness denial of its SDL to SBA's Office of Hearings and Appeals ("OHA"). Defendants admit that Plaintiff filed an untimely attempt to appeal the denial of forgiveness of its FDL with OHA. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.       Defendants admit that Plaintiff seeks judicial review and reversal of SBA's decision to deny Plaintiff's application for forgiveness of the FDL. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.        Defendants admit that Plaintiff seeks judicial review and reversal of SBA's decision to deny Plaintiff's application for forgiveness of the SDL. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.       Defendants admit that Plaintiff seeks judicial review and reversal of the two OHA decisions affirming SBA's denial of Plaintiff's FDL and SDL forgiveness applications. Defendants admit that Exhibits A and B to the Complaint appear to be the Final Loan Review Decisions for Plaintiff's FDL and SDL forgiveness applications, and Defendants admit that Exhibits A and B to the Complaint speak to themselves. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint.

**JURISDICTION AND VENUE**

10.     Defendants admit that the Court has subject-matter jurisdiction over the claims in the Complaint. Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants admit that venue is proper in the Western District of Tennessee. Because Plaintiff alleges that it is based in Jackson, TN, Defendants deny that venue is proper in the Western Division of the Western District of Tennessee. Defendants lack knowledge or information sufficient to form a belief regarding where Plaintiff is domiciled, and Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint purports to summarize the Court's authority under the Administrative Procedure Act and Declaratory Judgment Act and does not require a response. To the extent Paragraph 12 of the Complaint contains factual allegations, Defendants deny them.

13.     Paragraph 13 of the Complaint purports to summarize the relief the Court may provide under two statutes and does not require a response. To the extent Paragraph 13 of the Complaint contains factual allegations, Defendants deny them. Defendants deny that Plaintiff is entitled to any relief.

14.     Defendants admit that more than 30 days passed after SBA denied Plaintiff's appeals and motions seeking reconsideration of SBA's denial of Plaintiff's FDL and SDL forgiveness applications. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that Plaintiff seeks judicial review of SBA's decisions denying Plaintiff's FDL and SDL forgiveness applications. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

**PARTIES**

16.    Defendants lack knowledge and information sufficient to form a belief regarding the allegations in Paragraph 16 of the Complaint, and Defendants deny the allegations in Paragraph 16 of the Complaint.

17.    Defendants lack knowledge and information sufficient to form a belief regarding the allegations in Paragraph 17 of the Complaint, and Defendants deny the allegations in Paragraph 17 of the Complaint.

18.    Defendants lack knowledge and information sufficient to form a belief regarding the allegations in Paragraph 18 of the Complaint, and Defendants deny the allegations in Paragraph 18 of the Complaint.

19.    Defendants admit the allegations in Paragraph 19 of the Complaint.

20.    Defendants admit the allegations in Paragraph 20 of the Complaint.

**BACKGROUND**

21.    Defendants admit that Congress enacted the CARES Act in early 2020. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.    Defendants admit the allegations in Paragraph 22 of the Complaint.

23.    Paragraph 23 of the Complaint attempts to summarize the intent of the CARES Act as stated in the Federal Register, which does not require a response. To the extent Paragraph 23 of the Complaint contains factual allegations, Defendants deny them.

24.    Defendants deny that Plaintiff applied for its FDL in March 2020 and admit that Plaintiff answered "no" to question 5 on its application. Defendants admit that Plaintiff's FDL application is dated April 7, 2020. Defendants deny all allegations regarding the purported

4

screenshot of question 5 on Plaintiff's purported FDL application. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25.    Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff's First Draw PPP loan was disbursed because lenders—not SBA—reviewed loans at origination. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.    Defendants admit the allegations in Paragraph 26 of the Complaint.

27.    Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff applied for its Second Draw PPP loan or the date of disbursement. Defendants admit the remaining allegations in Paragraph 27 of the Complaint.

28.    Defendants admit the allegations in Paragraph 28 of the Complaint.

29.    Defendants lack knowledge or information sufficient to form a belief as to when Plaintiff learned or was notified that SBA had denied its FDL forgiveness application. SBA admits that it denied Plaintiff's forgiveness application because Plaintiff was not eligible for the FDL because its then-majority owner, David Hunt, was under indictment when Plaintiff applied for the FDL. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30.    Defendants lack knowledge or information sufficient to form a belief regarding whether the "entire criminal case" was under seal and the distance between Plaintiff's principal place of business and Jackson, Mississippi. Defendants admit that David Hunt was under a federal indictment filed in Jackson, Mississippi when Plaintiff applied for its FDL. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31.    Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 31 of the Complaint, and Defendants deny the allegations in Paragraph 31 of the Complaint.

32.    Defendants lack knowledge or information sufficient to form a belief regarding when David Hunt learned that he had been indicted. Defendants admit that Plaintiff attached as Exhibit C a document purporting to be an Agreed Order of Dismissal of the criminal indictment against David Hunt, which speaks for itself and does not require a response. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.    Defendants lack information or knowledge sufficient to form a belief regarding the allegations in Paragraph 33 of the Complaint, and Defendants deny the allegations in Paragraph 33 of the Complaint. Defendants admit that they have no record of receiving any attempt for Plaintiff to appeal the denial of forgiveness of its FDL until Plaintiff filed an untimely appeal on the OHA online portal. Defendants deny that they received any attempt by Plaintiff to appeal the forgiveness of its FDL loan that was dated January 31, 2022. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.    Defendants admit the allegations in Paragraph 34 of the Complaint.

35.    Defendants admit the allegations in Paragraph 35 of the Complaint.

36.    Defendants admit the allegations in Paragraph 36 of the Complaint.

37.    Defendants admit that OHA denied Plaintiff's appeals and requests for reconsideration. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

## CLAIMS FOR RELIEF

38.    Paragraph 38 of the Complaint purports to quote the Administrative Procedure Act and does not require a response. To the extent Paragraph 38 of the Complaint contains factual allegations, Defendants deny them.

6

39.     Paragraph 39 of the Complaint purports to quote the Administrative Procedure Act and does not require a response. To the extent Paragraph 39 of the Complaint contains factual allegations, Defendants deny them.

40.     Paragraph 40 of the Complaint purports to quote the Administrative Procedure Act and does not require a response. To the extent Paragraph 40 of the Complaint contains factual allegations, Defendants deny them.

### FIRST CAUSE OF ACTION: JUDICIAL REVIEW OF AGENCY ACTION

41.     Defendants incorporate by reference their responses in the preceding paragraphs.

42.     Paragraph 42 of the Complaint purports to state that the Court is entitled to review SBA's denials of Plaintiff's FDL and SDL loan forgiveness applications. This legal conclusion does not require a response. To the extent Paragraph 42 of the Complaint contains factual allegations, Defendants deny them.

43.     Paragraph 43 of the Complaint purports to state that the Court is entitled to review Plaintiff's appeals and requests for reconsideration of SBA's denials of Plaintiff's FDL and SDL loan forgiveness applications. This legal conclusion does not require a response. To the extent Paragraph 43 of the Complaint contains factual allegations, Defendants deny them.

44.     Defendants admit that SBA denied forgiveness of Plaintiff's FDL because Plaintiff was not eligible to receive the FDL. Defendants admit that Plaintiff was not eligible to receive the FDL because David Hunt was under indictment when Plaintiff applied for the FDL. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff or David Hunt knew that David Hunt was under indictment when Plaintiff applied for the FDL. Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

7

45.     Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's belief about its eligibility for the FDL or the likelihood of forgiveness of the FDL. To the extent Paragraph 45 of the Complaint purports to summarize 15 U.S.C. § 636m(b), that legal summary does not require a response. Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 46 of the Complaint, and Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants admit that SBA denied forgiveness of Plaintiff's SDL because Plaintiff was not eligible for the FDL. Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48.     Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's belief about its eligibility for the SDL or the likelihood of forgiveness of the SDL. To the extent Paragraph 48 of the Complaint purports to summarize 15 U.S.C. § 636m(b), that legal summary does not require a response. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 49 of the Complaint, and Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

**SECOND CAUSE OF ACTION: VIOLATION OF APA, 5 U.S.C. § 706(2)(A)**

51.     Defendants incorporate by reference their responses in the preceding paragraphs.

52.     Paragraph 52 of the Complaint purports to quote the APA and does not require a response. To the extent Paragraph 52 of the Complaint contains factual allegations, Defendants deny them.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 54 of the Complaint, and Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

### THIRD CAUSE OF ACTION: ACTION UNLAWFULLY WITHHELD

58.     Defendants incorporate by reference their responses in the preceding paragraphs.

59.     Paragraph 59 of the Complaint purports to quote the APA and does not require a response. To the extent Paragraph 59 of the Complaint contains factual allegations, Defendants deny them.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

### FOURTH CAUSE OF ACTION: DECLARATORY JUDGMENT

62.     Defendants incorporate by reference their responses in the preceding paragraphs.

63.     Defendants admit that Plaintiff has contested SBA's denials of its FDL and SDL forgiveness applications in this case. Defendants deny the remaining allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

9

**FIFTH CAUSE OF ACTION: SUBSTANTIVE DUE PROCESS VIOLATION**

65.     Defendants incorporate by reference their responses in the preceding paragraphs.

66.     Paragraph 66 of the Complaint purports to quote the Constitution and does not require a response. To the extent Paragraph 66 of the Complaint contains factual allegations, Defendants deny them.

67.     Paragraph 67 of the Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 67 of the Complaint contains factual allegations, Defendants deny them.

68.     Paragraph 68 of the Complaint purports to quote and summarize the Federal Register, and those allegations do not require a response. Defendants deny that Plaintiff has a property or liberty interest in PPP loan forgiveness sufficient to support a due process claim. Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 69 of the Complaint, and Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny that Plaintiff has a property or liberty interest in PPP loan forgiveness sufficient to support a due process claim. Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 73 of the Complaint, and Defendants deny the allegations in Paragraph 73 of the Complaint.

74.    Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 74 of the Complaint, and Defendants deny the allegations in Paragraph 74 of the Complaint.

75.    Defendants deny the allegations in Paragraph 75 of the Complaint.

76.    Defendants deny that Plaintiff has a property or liberty interest in PPP loan forgiveness sufficient to support a due process claim. Defendants deny the remaining allegations in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations in Paragraph 78 of the Complaint.

**SIXTH CAUSE OF ACTION: PROCEDURAL DUE PROCESS VIOLATION**

79.    Defendants incorporate by reference their responses in the preceding paragraphs.

80.    Paragraph 80 of the Complaint purports to quote the Constitution and does not require a response. To the extent Paragraph 80 of the Complaint contains factual allegations, Defendants deny them.

81.    Paragraph 81 of the Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 81 of the Complaint contains factual allegations, Defendants deny them.

82.    Defendants deny that Plaintiff has a property or liberty interest in PPP loan forgiveness sufficient to support a due process claim. Defendants deny the remaining allegations in Paragraph 82 of the Complaint.

83.    Paragraph 83 of the Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 83 of the Complaint contains factual allegations, Defendants deny them.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny the allegations in the WHEREFORE paragraph of the Complaint, including all of its subparts. Defendants deny that Plaintiff is entitled to any relief in this case. Defendants specifically deny that Plaintiff is entitled to a jury trial on any of its claims.

Defendants deny every allegation in the Complaint that Defendants did not expressly admit or deny above.

Defendants filed the administrative record with their original Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants provide the following affirmative and other defenses to the allegations in Plaintiff's Complaint without assuming any burdens of proof or other obligations under applicable law that they would otherwise have if they had not listed the below affirmative and other defenses.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Some or all of Plaintiff's claims are time-barred.

3.      Defendants' actions did not violate the U.S. Constitution, the Administrative Procedure Act, or any other statutory or regulatory provision.

4.      Plaintiff has no liberty or property interest sufficient to support a due process claim under the Fifth Amendment.

5.      The agency action at issue in the Complaint is not final agency action.

6.    Plaintiff did not timely exhaust its administrative remedies under the APA.

7.    Plaintiff's APA claims are barred to the extent it did not present those claims or issues during administrative proceedings.

8.    Plaintiff is not entitled to a jury trial on any of its claims.

9.    Defendants reserve the right to amend this Answer with additional defenses of which it may become aware and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, having fully answered, Defendants pray that this case be dismissed with prejudice, that Plaintiff take nothing, and that judgment be awarded in favor of Defendants, together with costs, and for such other and further relief as the Court deems appropriate in this case.

DATE: May 30, 2024

Respectfully submitted,

KEVIN G. RITZ
United States Attorney

By: *s/ Audrey M. Calkins*
Audrey M. Calkins (Tenn. BPR # 30093)
Audrey.calkins@usdoj.gov
Assistant U.S. Attorney
167 N. Main Street, Suite 800
Memphis, TN 38103
(901) 544-4231
Fax: (901) 544-4230

COUNSEL FOR DEFENDANTS
U.S. SMALL BUSINESS ADMINISTRATION AND ISABELLA CASILLAS GUZMAN